UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:08-cr-535-T-23MAP

MELISSA NICOLAU
_____/

**<u>ORDER</u>**

Melissa Nicolau moves (Doc. 70) under 18 U.S.C. 3742(e) for a reduction of sentence for "post-sentencing rehabilitation programming." As noted in the January 5, 2011, and May 25, 2011, orders:

> Nicolau's judgment is final, and her motion states no legally cognizable and sufficient basis for a reduction in the sentence. The sentence is not subject either to a merely discretionary reduction or to an occasional reconsideration based on changed circumstances.

Once a sentence is imposed, the district court retains jurisdiction to reduce the sentence only in a few, carefully circumscribed instances, such as a motion by the United States under Rule 35, Federal Rules of Criminal Procedure, after the inmate provides substantial assistance to law enforcement or a retrospectively applicable amendment to the Sentencing Guidelines. A defendant's rehabilitation while serving

a term of incarceration, although laudable, is not a circumstance that qualifies for a reduction in sentence.* Accordingly, the motion is **DENIED**.

ORDERED in Tampa, Florida, on January 31, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

* Nicolau cites *Pepper v. United States*, 131 S.Ct. 1229 (2011), as authority for a sentence reduction based on post-sentencing rehabilitation. With regard to a remand for *do novo* resentencing, the court held that:

> On remand, the District Court should consider and give appropriate weight to the postsentencing rehabilitation evidence . . . .

However, *Pepper* is of no assistance to Nicolau, whose case was not remanded to the district court for a *de novo* re-sentencing.